By the Court.—Monell, Ch. J.
The appeal from the order denying the motion for a new trial authorizes an examination of the evidence to determine its sufficiency'to sustain the verdict.
The jury have found there was no contributive negligence of the plaintiff. The question was submitted to them as one of the facts which they must find favorably to the plaintiff, to authorize a recovery ; and having so found, their verdict should not be disturbed if there is any evidence to support it, or if the evidence on that subject was at all conflicting.
If, however, there is no conflict in the evidence, then its sufficiency is no longer- a question of fact, but becomes a question of law, to be determined by the court, and needs not the intervention of a jury.
Had a motion been made at the trial to dismiss the complaint, on the ground that the plaintiff had not shown himself to have been so free from fault as the law requires, it would have been competent for the court, and its duty, to have examined the evidence and determined the question.
So, if the court had been satisfied that the plaintiff had failed in his evidence in respect to this affirmative issue, it would have been proper to have directed a verdict for the defendants.
But it is not too late to move, either at special term on a case, or upon the minutes of the court, to set the verdict aside, whenever any affirmative issue has been found upon insufficient evidence, or against the clear weight of evidence (Allgro v. Duncan, 24 How. Pr. R. 210). And if the motion is denied, an appeal lies from the order to the general term (Code, § 349, sub. 2), where the sufficiency of the evidence becomes a question for the court, and its decision is final (Vermilyea v. Palmer, 52 N. Y. 471).
The court in thus reviewing the evidence determines as matter of law whether it is sufficient, and so far it *182 becomes a question of law. Bor does its submission, as a question of fact to the jury, deprive the court of its revisory power; but in any stage and in any of the forms prescribed by law, it may examine and 'weigh the evidence and determine its sufficiency. And where the evidence is undisputed its sufficiency may be made wholly a question of law.
In Morrison v. Erie Railway Co. (56 N. Y. R. 302), the court says (p. 307) “in this case there are certain facts, as to which there is and can be no dispute ; and they are of such a character and a weight, that it is for the court to say whether there is room for doubt or query, but that there was a complete absence of that care and prudence, without which in the direction of conduct, there is negligence.” And in Reynolds v. N. Y. Cen. & H. R. R. R. Co. (58 N. Y. R. 248), it is said (p. 250), “that either by direct proof given by the plaintiff, or from the circumstances attending the injury, the jury must be authorized to find affirmatively that the person injured was free from fault which contributed to the accident, or the action can not be maintained. If this element is wanting in the case, the court may non-suit or set aside a verdict for the plaintiff”-
The affirmative of the issue of contributive negli.gence is upon the plaintiff, and when the evidence is closed and given to the jury, it must be sufficient'to support an affirmative finding (Squire v. Cen. Pk. N. & E. R. R. R. Co., 36 Sup'r Ct. R. 436, where at page 447, the cases are collated).
Courts can not and will not measure the degree of negligence. It is impossible to say whether the greater negligence of one party has contributed more than the lesser negligence of the other to the injury received. Hence the rule so long and securely established, holds the injured person to an absolute freedom from fault. If in any, the smallest degree, he by his act or con *183 duct, or by omitting to exercise his faculties, or to .adopt the precautions which the occasion demands, brings upon himself the injury, the law affords him no remedy, however negligent may be the other party.
There is also another rule equally fixed, namely, that it does not require direct and positive proof that "the injured person, was without fault. It may be established by circumstances, and even sometimes inferred from the disposition of men to keep out of difficulty (Johnson v. Hudson R. R. R. Co., 20 N. Y. R. 71 ; Warner v. N. Y. Cen. R. R. Co., 44 Id. 465, 481).
And a further rule is that the facts and circumstances must be relatively considered as they vary infinitely and always affect and more or less control each other. Each must be duly weighed and relatively considered before the weight to be given to it is known '(Morrison o. Erie Railway Co., supra).
In reviewing the evidence in this casein the light of the principles of law which I have stated, it seems to me impossible to say, that the plaintiff did not in some degree—small it may be, yet enough to defeat a recovery—contribute, by his own negligence, to the injury for which he seeks redress.
This must be established by undisputed evidence.
We will take the plaintiff’s statement, and the other evidence he furnished.
The hour was six of a June afternoon, and consequently light. The plaintiff came out of Sweeny’s Hotel^which is on the north side of the street—in company with another. He was detained in conversation •after hailing an up-going car. To reach the car from the side of the hotel, he had to cross the down-track of the defendant’s road, upon which a car was approaching, and then some two hundred feet away, and which he saw. He attempted to get upon the car from between the tracks, standing there, while the down- *184 coming car was passing over a space of two hundred feet.
The space between the tracks was only five feet, and between the sides of passing cars, only thirty inches, a space barely sufficient, if, indeed, it was sufficient, to allow of standing there in any safety. The plaintiff hailed the car when it was seventy-five feet below the upper crossing, and it stopped about seventy-five feet above the upper crossing. While passing over this one hundred and fifty feet, the plaintiff was either approaching the car across the down track, or standing between the tracks. The rear platform was somewhat crowded. The person accompanying the plaintiff had gotten upon the platform, ahd the plaintiff had one foot upon it when he was struck. Both were endeavoring to get upon the platform from between the tracks ; the car had stopped ; Moriarty had succeeded, and put himself out of danger ; the plaintiff failed to reach a place of safety.
The question is, Does not this undisputed evidence establish most clearly that the plaintiff, in attempting to get upon the up-going car, from the side of the street, in the manner and under the circumstances, did not exercise that common care and prudence which an ordinarily careful and prudent man would have exercised ?
It seems to me, it does not admit of doubt. He approached the car from the dangerous side of the street. He had to pass over the down-track, upon which a car was rapidly approaching. Instead of crossing the up-track to the opposite side of the street, where he could safely have awaited and entered the up-going car, he stopped between the tracks, with an intervening space of only thirty inches between the car he designed to enter and the car upon the other track. He saw the platform was crowded. He was behind his companion, and yet with the impending danger from the approach *185 ing car, he remained in this situation of peril until the horses struck him.
There was no evidence that Chatham street, at the place of the accident, is a very crowded thoroughfare ; and I suppose we can not take judicial cognizance of a fact so well-known to us all. But, as a matter of every-day observation, it is not safe or prudent, in any of our business streets or avenues, to get upon a streetcar from between the tracks, or from the opposite side of the street. Common prudence, and a proper regard for personal safety, should dictate that cars, in such crowded places at least, should be taken from the side of the street the least liable to expose the passenger.
It has long been a rule applied to cases of injury by steam railways, that a person approaching the railway, must use all his faculties, as well as every reasonable precaution, to discover the approach of a train. He must listen and look up and down the track, and approach the crossing with caution. The rule applies measurably to street railroads. A person can not recklessly run into danger, and hold the railroad responsible if he is injured. He must use his faculties, and if he sees a car approaching, he will not be held faultless, if he is injured in attempting to cross in front of it, unless there be sufficient time to do so safely.
The plaintiff attempted to do this. He saw the approaching car, and crossed in front of it. He could have gone quite across the street. That was his prudent course, and there entered the up-car. But he stopped between the tracks, and there waited for the up-car to pass far enough to bring the rear platform opposite to where he was standing, and all the time the down-car was rapidly approaching, and about to pass within a few inches of his person.
Looking at all this evidence, I can not persuade myself that there was not, not only a small or slight degree of-negligence on the plaintiff’s part, but such a *186 large and unmistakable want of proper care and prudence on,his part, as should defeat a recovery.
The plaintiff is a man of intelligence, and at the time of the injury in the use of his limbs and faculties, and capable of understanding and appreciating the dangers of the situation.
There was time for prudent choice and correct apprehension of all the circumstances.
I am of opinion, therefore, that the evidence clearly - established the contributive negligence of the plaintiff, and upon that issue the verdict of the jury ought to have been for the defendants.
The order appealed from should be reversed, but as it is reversed upon the facts, it must be on payment of the costs of the trial.
In that event a new trial is ordered.
Judgment and order reversed, as above.
Sedgwick, J., concurred.